<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ANTONIO CARDONA, | Civil Action No. 25-14569 (SDW) (JRA) |
| Plaintiff, |  |
| v. | **WHEREAS OPINION** |
| TROOPER R.J. SCHROCK, et al | February 6, 2026 |
| Defendant. |  |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon Defendants Trooper Ryan J. Schrock, Sergeant Justin Kearns, New Jersey State Police, and the State of New Jersey ("Defendants") Motion to Dismiss (D.E. 5) Plaintiff Antonio Cardona's ("Plaintiff") Amended Complaint (D.E. 1 ("Am. Compl.")), and this Court having reviewed the Defendants' submissions, noting that it is unopposed; and

**WHEREAS** the facts underlying the Amended Complaint involve Plaintiff's allegations that on July 11, 2023, he was arrested without reasonable suspicion or probable cause by Defendant Schrock.  (*See* Am. Compl. *generally.*)  Plaintiff filed a complaint against Defendants in the Superior Court of New Jersey, Law Division, Essex County on July 3, 2025, and then filed an Amended Complaint on the same day.  (D.E. 1-4.)  Defendants then removed the action to this Court on August, 14, 2025.  (D.E. 1.)

**WHEREAS** Plaintiff asserts various violations of the New Jersey Civil Rights Act N.J. Stat. Ann. § 10:6-2 et seq. ("NJCRA"), and several federal statutes, namely 42 U.S.C. §§ 1983 and 1985, alongside state law claims for violations of the New Jersey Law Against Discrimination,

1

N.J. Stat. Ann. § 10:5-1 et seq. ("NJLAD"), emotional distress, and civil conspiracy. (*See* Am. Compl. *generally.*)[1]

**WHEREAS** to withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When deciding a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, federal courts "must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff," and determine "whether [the] plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer*, 605 F.3d at 229. "[L]abels and conclusions" or a "formulaic recitation of the elements of a cause of action" are insufficient to withstand a motion to dismiss. *Twombly*, 550 U.S. at 555.

**WHEREAS** this Court finds that Plaintiff's claims under § 1983, § 1985 and the NJCRA fail because a state, its agencies, and its actors in their official capacities are not "persons" who may be sued under § 1983, § 1985, or the NJCRA.[2] *See Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 854 (3d Cir. 2014) (stating that state agencies and their officials acting in their official capacity are not "persons" under §§ 1983 and 1985); *Didiano v. Balicki*, 488 F. App'x 634, 639 (3d Cir. 2012) (stating that state agencies and actors in their official capacities

---

[1] Plaintiff's ten (10) count complaint consists of: (1) unlawful detention; (2) violation of Article 1, Paragraph 1 of the New Jersey Constitution; (3) conspiracy; (4) fundamental fairness; (5) violation of NJLAD; (6) emotional distress; (7) abuse of process; (8) common law civil conspiracy; (9) selective enforcement; and (10) equal protection violations.

[2] Plaintiff's Amended Complaint does not assert claims against Individual Defendants Schrock and Kearns in their personal or individual capacities.

are not "persons" for purposes of the NJCRA); *see also Smith v. New Jersey*, 908 F. Supp. 2d 560, 563 (D.N.J. 2012).  As such, Counts I, II, III, IV, VII, IX and X are dismissed.

**WHEREAS** to state a claim under the public accommodation theory of the NJLAD, a plaintiff must: "(1) demonstrate that he is a member of a protected class; (2) show that the defendant's actions were motivated by discrimination; and (3) demonstrate that others outside the protected class did not suffer similar adverse actions." *See Goodelman v. Ticketmaster*, No. 24-10980, 2025 WL 2418909, at *2 (D.N.J. Aug. 21, 2025).  Here, Plaintiff fails to assert a plausible NJLAD claim against Defendants as Plaintiff does not allege that he is a member of a protected class nor that Defendants discriminated against him based on his class status.

**WHEREAS** a plaintiff who seeks to plead a conspiracy will not plead a plausible claim for relief through bare allegations of a conspiracy, he must instead plead facts showing actual agreement between the alleged conspirators and concerted action towards the object of the conspiracy.  *See McClain v. United States*, No. 21-4997, 2021 WL 2224270, at *3 (D.N.J. June 2, 2021).  Plaintiff fails to adequately plead a cause of action for civil conspiracy because Plaintiff merely recites the legal elements instead of stating any factual assertions to support the claim. Likewise, for the same reason, Plaintiff also fails to sufficiently plead a cause of action for emotional distress as Plaintiff's conclusory allegations are insufficient to meet the Rule 12 (b)(6) pleading standards.

Accordingly, Defendants' Motion to Dismiss is **GRANTED** and the complaint is **DISMISSED**.  An appropriate order follows.

/s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:      Parties
          José R. Almonte, U.S.M.J.